IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CECIL BROOKINS, Plaintiff, v. CITY OF PITTSBURGH, et al., Defendants : Case No. 3:04-cv-35-KRG-KAP

Report and Recommendation, and Order

Recommendation and Pretrial Scheduling Order

In February 2004, plaintiff filed a complaint about events in February 2002, alleging that defendant officers of the Pittsburgh Police Department had used excessive force in apprehending him. I recommend that all other claims and all defendants other than for those already served on the sole claim that defendants used excessive force be dismissed under 28 U.S.C.§ 1915(e)(2)(B).

In the meantime, discovery on the excessive force claim shall be finished by October 1, 2008. Cross motions for summary judgment may be filed before October 17, 2008, with any reply on or before November 3, 2008. Pretrial statements will be ordered after the motions for summary judgment have been decided.

Report

Over the last several years, in an attempt to obtain a legible complaint to screen pursuant to 28 U.S.C.§ 1915A, I have ordered or permitted plaintiff to file an amended complaint. Plaintiff amended his complaint in 2007, docket no. 33, and after a motion to dismiss, it was answered by defendants, docket no. 60 and docket no. 83 Plaintiff then sought leave to file an amended

complaint, docket no. 86, which was granted. The amended complaint eventually filed, docket no. 92, repeats the faults of the previous pleadings and adds prolixity. I will not waste a week by tracing it paragraph by paragraph.

Regardless of plaintiff's status as inmate or not, pro se or not, in forma pauperis or not, this court is not required to heed fanciful, fantastic, and delusional allegations of fact. Caesar v. Megamillion Biggame Lottery, 193 Fed.Appx. 119, 120-21 (3d Cir.2006) (affirming judgment dismissing complaint alleging conspiracy to steal winning lottery tickets), cert. denied, 127 S.Ct. 1150 (2007), citing Denton v. Hernandez, 504 U.S. 25 (1992). Plaintiff's amended complaint oscillates between boilerplate citations to legal concepts and cases and farfetched conspiracy theories in which virtually every entity involved in Pittsburgh government, the criminal justice process, and the medical profession have combined to injure, prosecute, and illegally incarcerate plaintiff. Any plaintiff is obliged by Fed.R.Civ.P. 8(a)(2) to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." While that does not require a pro se plaintiff to plead specific facts, see Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), the touchstone of Rule 8 is fair notice. As the Supreme Court explained in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), that does not permit mere citation of the elements of a cause of action, id. at

1965: a complaint must plead "enough facts to state a claim to relief that is **plausible on its face**." Id. at 1974. (my emphasis). As the Court of Appeals for the Third Circuit explained:

> Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See Twombly, 127 S.Ct. at 1965 n. 3.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir.2008).

It is possible to discern the facts behind plaintiff's assertion that defendants used excessive force: he alleges he was shot 16 times when the standoff on February 20, 2002 came to an end. Despite plaintiff's conviction for three counts of attempted homicide for shooting defendants Costa, Huerbin, and Knepp, plaintiff's claim that excessive force was used on him is not legally foreclosed. The one additional factual allegation plaintiff sets forth, if it is not "fanciful and fantastic," is the claim that the reason defendants used excessive force is because some defendants wanted to kill plaintiff because he would not help various corrupt police officers participate in drug trafficking in the years before 2002. That may add an allegation of motive, but it states no additional claim. But even if it did, it does not allow plaintiff to extrapolate the events of his arrest into the claims, listed with wearying repetitiveness in the amended complaint without any additional allegations of fact, that plaintiff was deliberately denied medical care by some defendants,

that other defendants engaged in a conspiracy to defraud the United States, that all of the individual defendants acted on the basis of customs and policies of municipal entity defendants, that ten prosecutors and twelve defense attorneys conspired to keep the truth from coming out at his trial, and so on. Those claims, and any defendants sought to be added since plaintiff's first complaint was filed, should be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: June 24, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Cecil Brookins EX-5514
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000