IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CECIL BROOKINS,
        Plaintiff,
    v.
CITY OF PITTSBURGH, et al.,
        Defendants

Case No. 3:04-cv-35-KRG-KAP

Report and Recommendation

Recommendation

Defendants' motion for summary judgment is pending. docket no. 110. I recommend that it be granted.

Report

In February 2004, plaintiff filed a civil complaint alleging that on February 20, 2002, defendant officers of the Pittsburgh Police Department had violated his constitutional rights. After screening under 28 U.S.C.§ 1915A, I ordered service of two parts of the complaint, one alleging that defendants Chafoor and Holland of the Pittsburgh Police Department engaged in malicious prosecution of plaintiff on or about February 20, 2002, and the other alleging that defendants Knepp, Huerbin, Griffin, Tice, Wilkes, Costa, Serak, Mescan, and Sims of the Pittsburgh Police Department used excessive force in arresting plaintiff on or about February 20, 2002.

Plaintiff filed numerous motions and appeals from my orders on motions throughout 2004, but did not provide copies of his complaint for service. I apparently lost track of the case when the court converted from paper documents to electronic record keeping, because the case was inert in 2005 and 2006. In 2007, I

ordered plaintiff to provide copies of his complaint and after some delay plaintiff did so; shortly thereafter plaintiff filed an amended complaint, docket no. 33. Defendant Costa moved to dismiss that complaint, and I recommended denial of the motion to dismiss. Attempts to have the other defendants waive service were initially unsuccessful, but by September 2007 counsel had agreed to accept service of the amended complaint. Plaintiff filed many more motions, including objections to the implicit rejection of his other causes of action in my order requiring an answer only to part of the complaint. Plaintiff also filed a motion to amend the complaint again. I granted plaintiff's motion to file another amended complaint, but review of that complaint, docket no. 92, showed that it stated no additional claims and in fact failed to allege malicious prosecution because it failed to allege the termination of the relevant proceedings in plaintiff's favor. I accordingly advised the defendants that they needed to respond only to the excessive use of force claim. Plaintiff's objections to the recommended dismissal of all other claims remain pending.

After a period of discovery, defendants filed their motion for summary judgment. The time to file summary judgment motions had been extended from October 31, 2008, to December 31, 2008, and at the end of December 2008, plaintiff filed a motion to extend time again, on the grounds that in July 2008, defendants had refused to engage in discovery. docket no. 109. Plaintiff

provided nothing in support of this allegation, and I denied the motion.

There is a well settled legal standard governing a law enforcement officer's use of force in gaining custody of a suspect, namely "whether [the officer's] actions were reasonable." Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1778 (2007)(reversing denial of summary judgment for sheriff's deputy who was alleged to have violated the Fourth Amendment when he deliberately rammed the fleeing suspect's car to end a high speed chase); Graham v. Connor, 490 U.S. 386, 395 (1989); Tennessee v. Garner, 471 U.S. 1, 7 (1985); Kopec v. Tate, 361 F.3d 772, 776 (3d Cir.2004)(reversing summary judgment for officer who placed excessively tight handcuffs on an arrestee and without reason refused to loosen them despite indications from arrestee that he was in pain). For purposes of summary judgment I must ask whether any finder of fact properly instructed on the law could find defendants' actions on February 20, 2002, to have been unreasonable. To decide whether police conduct constituted use of excessive force, a finder of fact must, without engaging in Monday morning quarterbacking, consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether he was actively resisting arrest or attempting to evade arrest by flight, see Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir.2004), cert. denied, 126 S.Ct. 236 (2005). The

ratio of police officers to arrestees might also be relevant. See Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir.1997). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Woodside v. School Dist. of Philadelphia Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001) (internal quotations and citations omitted). The court must construe the facts in the light most favorable to the non-moving party. Doe v. Centre County, 242 F.3d 437, 446 (3d Cir. 2001). However, where the plaintiff bears the burden of proving the elements of a claim, the defendants may present a prima facie case for summary judgment by "pointing out to the District Court [] that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The plaintiff is then required to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986): he must produce evidence sufficient to show that a reasonable factfinder might, following the applicable substantive law, return a verdict for him. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The record as it stands chiefly consists of excerpts from plaintiff's criminal trial, at the end of which a jury convicted

4

plaintiff of three counts of attempted homicide for shooting at defendants Costa (who was injured by a bullet that entered his shoulder and remained lodged at the base of his skull), Huerbin (who was hit twice in his ballistic vest but not injured), and Knepp (who was not hit). Taking the evidence in the light most favorable to plaintiff, it appears that on February 20, 2002, there was a lengthy police standoff that perhaps might have come to a peaceful end. Plaintiff's counsel argued at plaintiff's sentencing in the criminal proceeding that the defendants' actions precipitated the shooting. Immediately before the shooting began, defendant Costa was in a room alone with plaintiff talking plaintiff into surrendering to police on an arrest warrant issued by the Court of Common Pleas of Allegheny County. It is possible to speculate but impossible to say what might have happened if Costa had been alone with plaintiff for a few more moments: the standoff might have ended peacefully, or Costa might have been shot repeatedly and killed. What did happen is that plaintiff saw members of the SWAT team that had responded to the scene and either panicked or became irate. The defendants simultaneously became aware that plaintiff had seen them. Whatever plaintiff's state of mind, plaintiff began shooting as defendants Huerbin and Knepp, members of the SWAT team, entered the room. One of plaintiff's shots struck defendant Costa; two struck Huerbin in his ballistic vest as he entered the room where plaintiff and Costa were. Knepp

followed close behind Huerbin into the room and shot eight times at plaintiff from his .40 cal. service pistol, hitting plaintiff five times. Knepp stopped shooting when plaintiff dropped the pistol he had been holding[1].

Plaintiff would assert that this does not take the evidence in the light most favorable to him. But Fed.R.Civ.P. 56 does not permit a party to create an issue of fact simply making allegations in contradiction to the historical record. Despite plaintiff's insistence in the several iterations of his complaint and in his criminal trial that he was the unarmed blameless victim of an attempted execution, there is no genuine debate over two points: plaintiff was armed, and he shot first. The doctrine of issue preclusion forecloses re-litigation in a later action of an issue of fact or law which was actually litigated and which was necessary to the original judgment, if the party against whom the

---

1. Plaintiff alleged in his complaint that he received 16 bullet wounds. At his trial plaintiff described 14 bullet wounds. Plaintiff also at his trial described three officers dressed in black who rushed into the room and shot at him. Plaintiff does not identify these officers. Plaintiff's claim against any defendant except Knepp must be rejected for lack of evidence. Plaintiff introduces nothing to indicate that any other person shot him. Plaintiff introduces nothing to indicate that any person other than Knepp was responsible for Knepp's decision to fire. To the contrary, the trial record shows that the situation from first to last shot moved so rapidly that no other person could have influenced Knepp's actions. Plaintiff's bald allegations of conspiracy, failure to intervene, failure to train, custom or policy of using excessive force, and <u>respondeat superior</u>, by which he attempted to assert liability on defendants other than Knepp were legally inadequate to begin with but have further proved to be completely contrary to the record in this matter.

issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. That is still true when the former proceeding was a criminal proceeding and the latter proceeding is a civil proceeding. See Szehinskyj v. Attorney General, 432 F.3d 253, 255 (3d Cir.2005); James v. Heritage Valley Federal Credit Union, 197 Fed.Appx. 102, 105-06 (3d Cir.2006)(applying Pennsylvania law), cert. denied, 127 S.Ct. 2253 (2007)(findings in a suppression hearing estopped a plaintiff in a subsequent civil rights suit alleging that the search and seizure violated the Fourth Amendment); Ashford v. Skiles, 837 F.Supp. 108, 113 (E.D.Pa.1993), aff'd w/o op., 175 F.3d 1010 (3d Cir.1999).

Although the jury in plaintiff's criminal trial did not and could not have returned a special verdict finding that plaintiff shot first, evidence that the defendant police officers attempted to execute plaintiff as plaintiff alleges would have supported a justification defense (at least). As a result, the jury's verdict that plaintiff was guilty of three counts of attempted murder necessarily establishes that plaintiff was armed and did shoot at defendants, and necessarily rejects any claim that plaintiff fired in self defense. Because it is a fact that plaintiff is estopped from relitigating that plaintiff shot first, Knepp's use of deadly force in response was legally justified at the outset.

Plaintiff does not introduce evidence that creates a genuine issue of fact in support of a claim that defendants' use of force, despite being justified at the outset, later became excessive. Notwithstanding plaintiff's disagreement about the number of shots fired by Knepp, Knepp's testimony is uncontradicted that Knepp returned fire in one continuous sequence of shots and then stopped when plaintiff slumped over without a pistol in his hand. A different question would be presented by a hypothetical situation in which an officer fired, stopped, and then walked over to a shooter and resumed firing after the shooter was incapacitated. But here, the evidence that Knepp's multiple shots did not remotely resemble that hypothetical excessive use of force can be stated in three starkly simple words: plaintiff is alive.

In <u>Carswell v. Borough of Homestead</u>, <u>supra</u>, the appeals court affirmed judgment in favor of an officer who fatally shot at point blank range an unarmed man who was fleeing arrest for violating a PFA order and threatening his estranged wife. Although the deceased man was unarmed, because there was evidence that he might be armed and the officer did not know that he was unarmed, even though "Snyder [the defendant officer] could see that the husband's hands were empty when he reached the front of the patrol car," 381 F.3d at 238, the officer did not use excessive force because: "A reasonable officer would not be expected to take the risk of being assaulted by a fleeing man who was so close that he

8

could grapple with him and seize the gun." 381 F.3d at 243. Here, the defendants knew that the plaintiff was armed and shooting. No properly instructed civil jury could ever second guess Knepp's decision to fire one, five, or eight times: the question "how many times may an officer under fire shoot back without being held liable in damages" answers itself. Summary judgment should be entered in favor of defendants on the excessive use of force claim, and the balance of plaintiff's complaint, as amended, should be dismissed[2].

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: March 2, 2009

Keith A. Pesto,
United States Magistrate Judge

---

2. It is not necessary to reach the defense of qualified immunity, but if it were, defendants could not be held liable for damages. Qualified immunity operates to protect officers from liability at the "sometimes hazy border between excessive and acceptable force," and to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful. Couden v. Duffy, 446 F.3d 483, 492 (3d Cir.2006), quoting Saucier v. Katz, 533 U.S. 194, 206 (2001). The relevant inquiry is whether it would be clear to a reasonable officer that "his conduct was unlawful in the situation he confronted." Kopec v. Tate, supra, 361 F.3d at 776, quoting Saucier v. Katz, supra, 533 U.S. at 202.) That is, although the right to be free from the excessive use of force is clearly established, qualified immunity protects defendants who in fact use excessive force "if, at the time they acted, they reasonably could have believed that their conduct" was not a use of excessive force. Mellott v. Heemer, 161 F.3d 117, 121 (3d Cir.1998).

9

Notice by ECF to counsel of record and by U.S. Mail to:

    Cecil Brookins EX-5514
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000